[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mason Cos., Inc. v. Testa,* Slip Opinion No. 2016-Ohio-7768.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7768

MASON COMPANIES, INC., APPELLANT AND CROSS-APPELLEE, *v.* TESTA, TAX COMMR., APPELLEE AND CROSS-APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mason Cos., Inc. v. Testa,* Slip Opinion No. 2016-Ohio-7768.]**

*Commercial-activity tax—Commerce Clause—Physical presence of an interstate business within Ohio is not a necessary condition for imposing the obligations of the commercial-activity tax.*

(No. 2015-0794—Submitted May 3, 2016—Decided November 17, 2016.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, Nos. 2012-1169 and 2012-2806.

_____

**O'NEILL, J.**

{¶ 1} We decide this case as a companion case to *Crutchfield Corp. v. Testa*, __ Ohio St.3d __, 2016-Ohio-7760, __ N.E.3d __, with which this case was consolidated for purposes of oral argument. Appellant and cross-appellee, Mason Companies, Inc., is based in Wisconsin, and it appeals from the imposition of

Ohio's commercial-activity tax ("CAT") on revenue it has earned from its sales of goods through orders received via telephone, mail, and the Internet. Like Crutchfield, Mason Companies contests its CAT assessments because it operates outside Ohio, employs no personnel in Ohio, and maintains no facilities in Ohio.

{¶ 2} The 24 assessments at issue here cover the period from July 1, 2005, through September 30, 2011. In determining that our holding in *Crutchfield* requires us to affirm these assessments, we rely on Mason Companies' decision to restrict its protest to the imposition of the tax, while not contesting the amounts of tax assessed, to conclude that Mason Companies satisfied the $500,000 sales-receipts threshold, triggering its CAT liability during that period. *See* R.C. 5751.01(H)(3) and (I)(3). Mason Companies, however, asserts that Ohio's CAT violates the Commerce Clause of the United States Constitution and that therefore Ohio had no authority to tax any of those receipts.

{¶ 3} Just as in *Crutchfield*, we first confront a cross-appeal by the tax commissioner concerning whether Mason Companies properly raised and preserved its constitutional challenge. The circumstances of the present case being no different from those in *Crutchfield*, we resolve the cross-appeal against the tax commissioner's position on the authority of *Crutchfield*. Similarly, we rely on *Crutchfield* to reject Mason Companies' contentions that the CAT statutes should be construed to preclude the assessments at issue in this appeal.

{¶ 4} In *Crutchfield*, we held that under the Commerce Clause, the physical presence of an interstate business within Ohio was not a necessary condition for imposing the obligations of the CAT law, given that the $500,000 sales-receipts threshold adequately assured that the taxpayer's nexus with Ohio was substantial pursuant to R.C. 5751.01(H)(3) and (I)(3). *Crutchfield Corp.*, __ Ohio St.3d __, 2016-Ohio-7760, __ N.E.3d __, ¶ 3, 5. Applying that holding here resolves Mason Companies' constitutional challenge under the Commerce Clause. It also makes

unnecessary consideration of whether Mason Companies' Internet contacts with its Ohio customers constituted a physical presence for Commerce Clause purposes.

{¶ 5} For the foregoing reasons, we affirm the decision of the BTA and uphold the CAT assessments against Mason Companies.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and FRENCH, JJ., concur.

LANZINGER and KENNEDY, JJ., dissent and would reverse the decision of the Board of Tax Appeals for the reasons stated in the dissenting opinion in 2015-0386, *Crutchfield v. Testa*.

_____

Brann & Isaacson, Martin I. Eisenstein, and David W. Berton; and Baker Hostetler and Edward J. Bernert, for appellant and cross-appellee.

Michael DeWine, Attorney General, and Daniel W. Fausey and Christine Mesirow, Assistant Attorneys General, for appellee and cross-appellant.

Macey, Wilenski & Hennings, L.L.C., and Peter G. Stathopoulos; and Robert Alt, urging reversal for amici curiae Buckeye Institute for Public Policy Solutions, Mackinac Center for Public Policy, NetChoice, and American Catalog Mailers Association, Inc.

Fredrick Nicely and Nikki Dobay, urging reversal for amicus curiae Council on State Taxation.

Goldstein & Russell, P.C., Eric F. Citron, and Thomas C. Goldstein, urging affirmance for amici curiae National Governors Association, National Conference of State Legislatures, Council of State Governments, National Association of Counties, National League of Cities, U.S. Conference of Mayors, International City/County Management Association, International Municipal Lawyers Association, and Government Finance Officers Association.

SUPREME COURT OF OHIO

Bricker & Eckler, L.L.P., Mark A. Engel, and Anne Marie Sferra, urging affirmance for amici curiae Ohio Manufacturers' Association, Ohio State Medical Association, Ohio Dental Association, and Ohio Chemistry Technology Council.

Bruce Fort, urging affirmance for amicus curiae Multistate Tax Commission.

_____